UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | CASE NO:  4:23-cr-90 |
| | ) | |
| v. | ) | |
| | ) | |
| VICTOR R. MCMILLAR | ) | |

UNITED STATES' RESPONSE TO DEFENSE
MOTIONS FOR EARLY DISCLOSURE OF JENCKS ACT MATERIAL
AND LIST OF GOVERNMENT WITNESSES

The United States opposes defendant's Motions for Early Disclosure of Jencks Act Material (Doc. 34) and List of Government Witnesses (Doc. 38) and responds as follows:

1. 18 U.S.C. § 3500(a) provides that the timing for disclosure of prior statements or reports is not until after the witness has testified on direct examination.

2. "There is simply no authority for the court to grant a request for early release of *Jencks* theory. *United States v. Schier*, 438 F.3d 1104, 1112 (11th Cir. 2006); *United States v. Jordan*, 316 F.3d 1251 n.78; *United States v. Himenez*, 613 F.2d 1373, 1378 (5th Cir. 1980). See also, *United States v. Campagnuolo, supra*, 592 F.2d at 861 (District court's standing discovery order requiring early disclosure of *Jencks* was invalid since the order was barred by the *Jencks* act). While the early disclosure of *Jencks* material may be encouraged, it

may not be ordered. *United States v. Ricks*, 817 F.2d 692, 698 (11th Cir. 1987)." *United States v. Langford*, No. CR-08-CO-245-S, 2009 WL 10671369, at *23 (N.D. Ala. July 2, 2009), <u>report and recommendation adopted,</u> No. CR-08-CO-245-S, 2009 WL 10671793 (N.D. Ala. July 28, 2009)

3. The undersigned typically agrees to the early production of Jencks material and witness lists, no later than five calendar days before trial.

4. The United States has ordered the trial testimony of witnesses in the state murder case against the defendant. The transcripts are not expected to be received until February 2024 and will be immediately turned over to the defense.

5. There is also no recognized authority to order the United States to produce a witness list in advance of trial, however, as previously stated, it is the undersigned's practice to do so.

6. "A criminal defendant has no absolute right to a list of the government's witnesses in advance of the trial." *United States v. Johnson*, 713 F.2d 654, 659 (11th Cir. 1983)

7. The United States has already disclosed expert witnesses and has agreed to disclose prior trial testimony from the state case. The

defense will have little difficulty anticipating which witnesses the United States will call at trial.

8. The United States therefore opposes an order requiring the early production of Jencks Act material or a witness list.

        Respectfully submitted,

        JILL E. STEINBERG
        United States Attorney

By:    *s/ Frank Talbot*
        FRANK TALBOT
        Special Assistant United States Attorney
        Acting Under Authority Conferred by
        28 U.S.C. § 515
        Florida Bar No. 024661
        300 N. Hogan Street, Ste. 700
        Jacksonville, Florida 32202
        Telephone:  (904) 301-6300
        Facsimile:  (904) 301-6310
        E-mail: frank.m.talbot@usdoj.gov

**CERTIFICATE OF SERVICE**

This is to certify that I have on this day served all the parties in this case in accordance with the notice of electronic filing ("NEF") which was generated as a result of electronic filing in this Court.

This 27th day of December 2023.

                                        Respectfully submitted,

                                        JILL E. STEINBERG
                                        United States Attorney

By:   *s/ Frank Talbot*
        FRANK TALBOT
        Special Assistant United States Attorney
        Acting Under Authority Conferred by
        28 U.S.C. § 515
        Florida Bar No. 024661
        300 N. Hogan Street, Ste. 700
        Jacksonville, Florida 32202
        Telephone:  (904) 301-6300
        Facsimile:   (904) 301-6310
        E-mail: frank.m.talbot@usdoj.gov