**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION**

UNITED STATES OF AMERICA,

      v.

VICTOR R. MCMILLAR,

      Defendant.

CASE NO.: 4:23-cr-090

## O R D E R

Before the Court is the Magistrate Judge's May 20, 2024, Order and Report and Recommendation ("R&R"). (Docs. 97 & 98.) The Magistrate Judge recommended that Defendant Victor R. McMillar's Motion to Dismiss, (doc. 72), be denied. (See doc. 98, pp. 3–16 (docketed as the "Report and Recommendation").) He granted McMillar's motion in limine, (doc. 91), in so far as it sought the exclusion of an October 20, 2018, text message but denied it as to eye-witness testimony that McMillar had previously possessed a firearm, (see doc. 97, pp. 16–26 (docketed as the "Order")).

Neither party objects to the Magistrate Judge's recommendation that McMillar's Motion to Dismiss, (doc. 72), be denied, (see generally docket). After a careful de novo review of the entire record, the Court concurs with the Magistrate Judge's recommendation. (See doc. 98, pp. 3–16, 26.) The Court therefore **ADOPTS** the Report and Recommendation, (doc. 98), as its opinion and **DENIES** McMillar's Motion to Dismiss, (doc. 72).

The United States objects to the Magistrate Judge's "findings pursuant to 28 U.S.C. § 636(b)(1)(C)" regarding the October 20, 2018, text messages. (See doc. 103, p. 8.) But the Magistrate Judge did not issue any "findings" or "recommendations" pursuant to 28 U.S.C.

§ 636(b)(1)(C) as to the October 20, 2018, texts; he issued an Order granting McMillar's motion to exclude the texts.  (See doc. 97, p. 26.)  The United States is, therefore, not entitled to *de novo* review pursuant to 28 U.S.C. § 636(b)(1)(C), (see doc. 103, pp. 7–8).  Compare 28 U.S.C. § 636(b)(1)(C) ("A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made."), with 28 U.S.C. § 636(b)(1)(A) ("A judge of the court may reconsider any pretrial matter under this subparagraph (A) where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law.").)

Rather than object to a recommendation the Magistrate Judge did not make, the United States could have appealed the Magistrate Judge's decision or objected to his Order pursuant to Federal Rule of Criminal Procedure 59 by attempting to show that the Order was "clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A) (emphasis added); see also Fed. R. Crim. P. 59(a).  It could have sought reconsideration in light of newly discovered evidence or a need to correct a clear error of law of fact.  Murray v. ILG Techs., LLC, No. 4:18-cv-110, 2019 WL 498849, at *1 (S.D. Ga. Feb. 8, 2019) (citing Bryan v. Murphy, 246 F. Supp. 2d 1256, 1258–59 (N.D. Ga. 2003)).  Additionally, rather than appeal or move for reconsideration, the United States might have attempted to persuade the Court to admit the October 20, 2018, text messages via its own motion in limine seeking the admission of that evidence; after all, limine rulings are provisional, and "the judge may always change his mind during the course of a trial." Ohler v. United States, 529 U.S. 753, 758 n.3 (2000).  But the United States did not explicitly request any of the aforementioned forms of relief or make the appropriate arguments by which the Court could grant such relief.  (See generally doc. 103.)  The Court cannot reconstrue the procedurally defective objection or reconstruct any potential argument for clear error, under the appropriate standard, on

the United States' behalf.

In determining how to proceed with the United States' objection, the Court notes that the United States proffers evidence and argument in its objection that was not included in its Second Notice of Intention to Use Evidence of Other Acts Pursuant to Rule 404(b),[1] (doc. 74), or its Response in Opposition to Defendant's Construed Motion in Limine, (doc. 93).  In particular, the United States proffers new evidence of how McMillar's girlfriend's "cellphone takes other steps in aid of McMillar's possession of subject firearm," and argues the October 20, 2018, text messages place this new evidence in context, because it helps explain McMillar's relationship with his girlfriend and the kinds of tasks she did for him.  (See doc. 103, pp. 17–18.)  The United States acknowledges that the new "evidence and arguments . . . w[ere] not entirely before the Honorable Judge Ray at the time he made his decision."  (Id. at p. 15.)

As the Eleventh Circuit Court of Appeals has explained, "the magistrate judge system was created to help alleviate the workload of the district judges," and "it would be fundamentally unfair to permit a litigant to set its case in motion before the magistrate, wait to see which way the wind was blowing, and–having received an unfavorable [outcome]–shift gears before the district judge."  Williams v. McNeil, 557 F.3d 1287, 1291–92 (11th Cir. 2009) (internal quotations and citation omitted).  Accordingly, "[w]hile courts have the discretion to consider novel evidence, factual claims, and legal argument raised for the first time in an objection . . . they are under no objection to do so," Rolland v. Saul, No. 1:18-cv-111, 2019 WL 3554640, at *2 (S.D. Ga. Aug. 5, 2019).

---

[1] In February of 2024, the United States noticed the October 20, 2018, text messages as 404(b) evidence.  (See doc. 74.)  Notably, however, in that filing, the United States stated that its "position [is] that this evidence is not subject to 404(b) at all."  (Id. at p. 6.)  McMillar did not address Rule 404(b) in seeking exclusion of the text messages in his motion in limine.  (See doc. 91, p. 2.)  In his Order and Report and Recommendation, the Magistrate Judge expressed skepticism that Rule 404(b) applied to the text messages.  (See doc. 98, p. 22 n.4.)  The Court shares the Magistrate Judge's skepticism, and notes that, the parties appear to also agree that Rule 404(b) is irrelevant to the admissibility of the text messages.

See also Creighton v. New York, No. 12 Civ. 7454, 2015 WL 8492754, at *5 (S.D.N.Y. Dec. 9, 2015) ("Although a district court has the inherent authority to consider further evidence in reviewing rulings on nondispositive matters, such discretion should rarely be exercised in this context because the district court functionally operates as an appellate tribunal under Rule 72(a).").

Moreover, the United States has also claimed that the evidence in this case is still "in flux" and that there might be potential arguments to support the October 20, 2018, text messages' admissibility that are "yet unknown."  (Doc. 103, p. 20 n.11.)  It points specifically to a search warrant for Apple iCloud accounts associated with McMillar that had not been returned at the time the United States filed its objection.  (Id.)  Accordingly, the United States requested that "the Court reserve its decision on the relevancy of the October 20, 2018, text messages until trial, when the United States will be able to address any arguments by the Court and the defense with finality." (Id.)  It is unclear at this stage whether the evidence in this case is still "in flux" or if the United States' request for the Court to defer revisiting the admissibility of the October 20, 2018, text messages until trial still stands.

On the whole, recommitting the matter to the Magistrate Judge appears most appropriate. As stated above, the United States included new evidence and arguments regarding McMillar's motion in limine in its objection and has indicated that additional evidence and arguments may be forthcoming.  (See doc. 103, pp. 15–20.)  The Court, therefore, **VACATES** the Magistrate Judge's Order in so far as it granted McMillar's motion in limine to exclude the October 20, 2018, texts on relevancy grounds, (doc. 97, in part), and **REFERS** the revived motion in limine, (doc. 91, in part), to the Magistrate Judge for a hearing.  The additional time from today until the final disposition of the revived motion in limine shall be excluded from the calculation of the period of

time within which the trial must commence pursuant to the Speedy Trial Act.[2]

Now that the Court has resolved McMillar's Motion to Dismiss, (doc. 72), and the associated R&R, (doc. 98), McMillar's now-revived motion to exclude the October 20, 2018, text messages, (doc. 91, in part), is the only pending pre-trial motion.  To be clear, upon resolution of the motion in limine, the Court may set a trial at any time–even if the United States's evidence is still "in flux."  If the United States requires an extension of time or a continuance because of outstanding evidentiary issues, it must specifically move for the appropriate relief.  See, e.g., S.D. Ga. L. Crim. R. 12(j).

**SO ORDERED**, this 26th day of June, 2024.

_____
R. STAN BAKER, CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA

---

[2] See 18 U.S.C. § 3161(h)(1)(D).